IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEE ROY McCOY,**

                **Plaintiff,**

        **v.**                            **CASE NO. 06-3159-SAC**

**TRACY S. JOHNSON,**
**et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Plaintiff has also filed a motion for leave to proceed in forma pauperis without prepayment of fees and requests appointment of counsel in the body of his complaint.

Plaintiff names as defendants the Warden at EDCF, two officials at the Kansas Department of Corrections (KDOC), several guards and other employees at the EDCF, the Kansas Attorney General, the United States Attorney for the District of Kansas, the State of Kansas and a state district court judge.

**CLAIMS**

Plaintiff's complaint is liberally construed to raise the following claims in various parts of the pleading:

1. On April 26, 2006, after plaintiff was handcuffed and outside his cell to go to sick call for a spider bite, four guards attacked and severely beat him without provocation or cause. He names the four guards, Brewer, Jackson, Johnson, and Vidrios, as defendants, and asks the court to order their removal from duties at

EDCF pending resolution of this lawsuit. He also asks that the court permit him to make a citizen's arrest of these four defendants for violations of state criminal law.

2. On April 26, 2006, during the assault, defendant Johnson committed an unlawful anal, sexual battery upon him. Defendant Johnson is taunting and threatening to "violate" him again. The court is asked to declare the sexual battery by Johnson violated plaintiff's Eighth Amendment rights and order the arrest and vigorous prosecution of defendant Johnson.

3. Defendant Lt. Ingram, supervisor of the segregation units, has been deliberately indifferent to "the voluminous complaints of abuse and excessive force," and there is a pattern of "vigilantism" and unlawful assaults by staff going on at EDCF. Certain named defendants who review use of force reports should have known the guards who attacked him were using force sadistically and maliciously over months in violation of state law and the Eighth Amendment. He asserts the actions of defendants violate several criminal statutes. The court is asked to order the Kansas Attorney General and the U.S. Attorney for the District of Kansas to do thorough investigations and pursue criminal prosecutions.

4. "Defendants" have failed "to properly train, supervise and discipline problem staff committing abuses."

5. He was subjected to cruel and unusual punishment when he was placed in "the Restraint Chair" for around 48 hours twice without cause. Certain named defendants have been using the Restraint Chair for sadistic and malicious purposes contrary to state and federal law. The court is asked to declare that use of the Restraint Chair without certain restrictions is unconstitutional

and enjoin its use by defendants in Kansas.

6. Defendants Roberts and Werholtz have imposed a "unwritten" rule where prisoners who exceed a $50 debt for legal photocopies and legal postage credits are denied any further credit despite court or statutory deadlines.  Plaintiff has no money or income, has $800 in disciplinary fines, is in lock down, and is unable to maintain this suit or challenge his conviction.  Defendants are involved in a conspiracy to deny prisoners their First Amendment rights.  This court is asked to issue a preliminary order compelling defendants to "make the necessary . . . copies" for service of defendants and charge costs to plaintiff's prison account, to mail the copies to the court, and to provide materials for him to maintain this suit. The court is also asked to enjoin defendants from denying any KDOC prisoner photocopies of legal documents necessary to meet any court filing rule, order, or deadline; and order them to provide postage credits in excess of the current unlawful $50 limit.  The court is asked to order defendants to provide all A/S prisoners with income generating jobs so they can purchase copies and postage.

7.  The Legal Services for Prisoners staff attorney at the EDCF, defendant Sherwood, refuses to provide legal assistance to all inmates, to visit A/S prisoners, and to file Kansas petitions for prisoners.  He conspires to cover up the abuses of staff at EDCF. The court is asked to declare that Sherwood and Legal Services are required to visit A/S prisoners and draft/file petitions for prisoners at EDCF who are incapable of doing so.  He claims a breach of contractual duty and denial of constitutional rights.  He also claims another named attorney at the EDCF condones the abuses there.

8. EDCF General Order #16-102 allows all legal and official

mail to be delayed or seized without notice, opened without the inmate present, read, and copied; and is unconstitutional. Defendants have routinely improperly seized his and other inmates' mail.

9. Plaintiff's constitutional rights are denied by a state district judge's declaration in a case in Butler County, Kansas, that fellow prisoners cannot act as "next of friend" on 60-1501 petitions. Plaintiff asserts his court access is being restricted. He generally asserts violations of equal protection. He also complains of this judge's rulings. The court is asked to declare that K.S.A. 60-1501 is unconstitutional if interpreted to forbid a fellow prisoner from acting as next of friend, and that KDOC prisoners have the right to petition courts on behalf of fellow prisoners who are incapable of doing so themselves.

10. Retaliation for filing grievances at EDCF is normal and condoned, and includes perjured disciplinary reports.

11. Staff in Administrative Segregation routinely deny medical attention and basic necessities like toilet paper and reading material.

**RELIEF REQUESTED**

In addition to the relief requested in connection with his claims as set out above, plaintiff generally asks the court to award compensatory and punitive damages against each defendant in his or her individual capacity, as well as declaratory and injunctive relief. He makes other specific requests including a "video-telephone" hearing with Patrick Lynn called as a witness, trial by jury on his claims, costs assessed to defendants, appointment of

4

counsel, and provision of a file-stamped copy of his complaint without cost. The court is also asked to order that defendants desist from retaliating against or transferring plaintiff because of this lawsuit and Patrick Lynn for assisting him.

**SCREENING**

Because Mr. McCoy is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

First, plaintiff has not sufficiently pled full exhaustion of administrative remedies on all claims raised in his complaint. 42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. Porter v. Nussle, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of

5

Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). It follows that a complaint which fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id.

The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id. The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available prison administrative grievance procedures, or the entire complaint is subject to being dismissed without prejudice. He must have referred to the named defendants and described their allegedly wrongful actions in his grievances.

Plaintiff alleges he has sought administrative relief. He states he sent "emergency grievance letter" to the Secretary of Corrections requesting investigation and criminal prosecutions against the guards involved. He also states he sent letters to the Kansas Attorney General and the United States Justice Department in Washington D.C., but received no responses. Plaintiff's letters seeking investigations and prosecutions do not constitute exhaustion. He further alleges he "submitted numerous grievances to cellhouse unit mngr. & unit counselor" and received no response. He alleges "this is common to all here." Plaintiff also alleges he sent grievance complaint forms and form 9 complaints to several individuals, but received no response.

6

These allegations are not adequate to demonstrate full exhaustion on each of the 11 claims presented by plaintiff in his complaint. Plaintiff is required to supplement or amend his complaint to adequately plead full and total exhaustion of administrative remedies. To fully exhaust each of his claims, plaintiff must have fairly presented them for resolution by staff at the EDCF and the Kansas Department of Corrections by way of BP-9, BP-10, and BP-11 grievance forms submitted according to the grievance procedures at EDCF, and have received responses at each level or show that the time for response expired. Plaintiff's response to this order should list each claim raised by him as numbered above, and provide either copies of the grievances filed by him and the administrative responses referencing that particular claim, or a specific summary of each of those grievances and responses. If plaintiff has not fully exhausted any of his 11 claims, the entire complaint must be dismissed without prejudice. The purpose of exhaustion is to provide the prisoner with more efficient, less remote channels of relief, if warranted; and the state prison facility and corrections agency with the initial opportunity to resolve grievances within the prison.

Alternatively, plaintiff may amend his complaint to state only those claims which have been fully exhausted and to dismiss any unexhausted claims. Plaintiff has raised some very serious allegations against some defendants, but the court may not proceed on those allegations until prior exhaustion is shown on every claim in the complaint.

**PERSONAL PARTICIPATION**

Plaintiff does not allege personal participation on the part of each and every named defendant. Mr. McCoy lists 25 defendants but does not name all of them in connection with the acts or inaction complained of in his complaint. Personal participation by each defendant in the alleged deprivation of plaintiff's constitutional rights is an essential element of a claim under 42 U.S.C. § 1983. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).

Plaintiff fails to describe any unconstitutional acts or inaction by the following defendants: Heimgartner, Medlin, Luellen, Barsdale, John Doe EDCF Physician, Cummings, Phares, Kline, and Melgren. Plaintiff does mention defendants Brewer, Vidrios, Jackson, Johnson, Bratton, Roberts, Sapien, Ingram, Kaufman, Werholtz, Hermreck, Smith, Sanders and State of Kansas in connection with acts described in the complaint.

Plaintiff's allegations that he "sent grievance complaint forms and Form 9 complaints" about the assaults requesting an investigation and accountability to several named defendants but received no response to date do not, without more, state a claim of constitutional violation by those defendants. Plaintiff's allegations that he is "advised and believes" that certain named defendants review reports of excessive force and "knew or easily should have known" that the guards who attacked him were "involved in every use of force incident over several months" are conclusory and insufficient to allege personal participation by those defendants in the complained of acts against plaintiff. Plaintiff's

8

allegations that he is "advised and believes" certain named defendants have been using the Restraint Chair for sadistic purposes" are conclusory and insufficient to allege personal participation by those defendants. Plaintiff alleges no facts in support of these beliefs. Plaintiff's claim against defendant Julie St. Peter's is completely conclusory. Plaintiff's allegations that certain defendants "refuse to speak out and go to outside officials for intervention" are conclusory.

On the other hand, plaintiff does properly name defendants allegedly involved in the excessive use of force, sexual battery, and the challenged use of the Restraint Chair on him. The complaint shall be dismissed against those defendants whose personal participation is not alleged, unless plaintiff amends his complaint to allege facts[1] indicating their personal participation.

**FAILURE TO STATE A CLAIM**

Plaintiff states no claim whatsoever against defendants Kline and Melgren, and alleges he names them as defendants so they can investigate and prosecute the other defendants. These defendants should be dismissed from this lawsuit on account of plaintiff's failure to state a claim against either of them. The decision to initiate criminal prosecutions is within the discretion of the Kansas Attorney General and his or her delegates for state crimes, and the United States Attorney and his or her delegates for federal

---

[1] To state a valid conspiracy claim under 1983, "a plaintiff must allege specific facts showing an agreement and concerted action . . . . Conclusory allegations of conspiracy are insufficient to state a valid 1983 conspiracy claim." <u>Tonkovich v. Kansas Bd. of Regents</u>, 159 F.3d 504, 533 (10th Cir. 1998).

crimes. This court may not order either of those officials to initiate criminal investigations or prosecutions.

Plaintiff's claim against a state court judge is subject to being dismissed because judges are absolutely immune to suit for money damages for actions taken within the scope of their authority. Furthermore, this court has no appellate or supervisory power over the official decisions and actions of a state court judge.

Plaintiff's claims of violations of state laws and prison regulations are not grounds for relief under 42 U.S.C. § 1983, which is for redress of violation of federal constitutional rights.

**ACCESS TO THE COURT**

Plaintiff's allegations of denial of access to the court are refuted by his filing of the instant complaint[2] and other motions and pleadings. It is well settled that plaintiff is not entitled to legal assistance from another inmate[3]. Nor is he entitled to unlimited free copy services or writing materials. Plaintiff is

---

[2] To state a claim of denial of access, plaintiff must provide information regarding the case or cases which were dismissed on account of denial of access, and facts describing how his access was denied in that case or those cases. To state a claim of unconstitutional interference with legal and official mail, plaintiff must describe the pieces of his mail affected, describe how they were improperly handled, and state who took these actions. Plaintiff must also provide a time frame that the acts occurred within.

[3] The court frankly advises plaintiff that assistance by an inmate, particularly a recalcitrant one in the habit of filing vexatious litigation, is much more likely to delay or even prevent rather than facilitate clear, efficient, and adequate presentation of his claims. This court has no authority to order prison officials to allow such an inmate or any inmate to act as plaintiff's next friend or assist him in this matter, if a motion for such an order could be construed as imbedded within the complaint. Adding numerous defendants who were not personally involved, complaining of statewide and intraprison conspiracies and conditions without facts supporting those claims and without alleging how those general conditions resulted in violation of plaintiff's constitutional rights, as well as demanding non-judicial remedies such as forced criminal investigations, prosecutions, and permission to make citizen's arrests serve only to confuse and impede litigation of any viable court claims and are typical problems in suits filed by vexatious prison litigators.

also not entitled to demand and receive free copies of pleadings and documents he files from the clerk of the court. Hand-written copies are accepted by this court, and plaintiff must retain copies of grievances filed by him, even if they have to be hand-copied. Plaintiff is reasonably expected to be judicious in filing and pursuing grievances and complaints.

The instant complaint unnecessarily naming 25 defendants and setting forth several conclusory claims, in addition to his few facially valid claims, together with the long list of disciplinary reports against him suggests plaintiff has been a recalcitrant inmate. In sum, plaintiff is advised that in seeking resolution of problems he faces at the prison he must first seek resolution through the available administrative remedies; then if he chooses to file a lawsuit, he must make a short and plain statement of his claims alleging facts not conclusions, and name as defendants only those individuals who personally participated in the acts of which he complains.

Plaintiff is granted twenty (20) days in which to show cause why this complaint should not be dismissed for the reasons stated in this Memorandum and Order. If plaintiff fails to comply with this order in a timely fashion, this action may be dismissed without further notice.

**FILINGS PREPARED BY PATRICK LYNN**

Plaintiff has signed a pleading prepared by Patrick Lynn which is entitled "Notice of Retaliation and Motions for Video Tele-conference Hearing and Protective Orders, TRO's." This document was duplicated by the clerk and filed as a Notice (Doc. 8), Motions

11

(Doc. 7), and Unsigned Affidavit of Patrick Lynn (Doc. 9). The Motion for Video Teleconference Hearing, Motion for Protective Order and Motion for Temporary Restraining Order (Doc. 7) is denied because Patrick Lynn is not a party to this lawsuit and is not allowed to prepare and file motions in this case. Plaintiff has asked for the same relief in his complaint. The document filed by Lynn is nothing other than Patrick Lynn's statements, many of which have no relation to Mr. McCoy's complaint. The Notice (Doc. 8) and the Unsigned Affidavit (Doc. 9) are treated as unsigned affidavits of Mr. Lynn filed in support of the complaint.

**IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies and to state a claim, as set forth in the foregoing Memorandum.**

**IT IS FURTHER ORDERED that plaintiff's requests for preliminary relief, appointment of counsel, protective orders, video teleconference hearing, which were not filed as separate motions but are in the body of the complaint, are denied without prejudice.**

**IT IS FURTHER ORDERED that the Motion for Video Teleconference Hearing, for Protective Order, for Temporary Restraining Order, including the request to allow Patrick Lynn to assist in this matter, is denied as improperly filed and without factual basis relating to the instant complaint (Doc. 7).**

**IT IS SO ORDERED.**

**Dated this 12th day of July, 2006, at Topeka, Kansas.**

13

**s/Sam A. Crow**
**U. S. Senior District Judge**