IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LEE ROBERT McCOY,

                    Plaintiff,


          v.                        CASE NO.  06-3159-SAC

TRACY S. JOHNSON,
et al.,

                    Defendants.

<u>MEMORANDUM AND ORDER</u>

This matter is before the court upon plaintiff's Response to the Court's Memorandum and Order entered on July 12, 2006, requiring him to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies and failure to state a claim.  The matter is also before the court upon plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2), Motion to Appoint Counsel and for Video-conference hearing (Doc. 15), second Motion for Extension of Time to File Response (Doc. 17), and "Motion for Waiver of the Separate Motion Pleadings Requirement Rule" (Doc. 17).  Having considered all the materials filed, the court finds as follows.

Plaintiff's first Motion for Extension of Time (Doc. 11) to respond to the court's Memorandum and Order dated July 12, 2006, was granted.  In that motion, plaintiff did not simply ask for an extension of time.  He also expressed his willingness to dismiss all

1

defendants and claims other than the ones specified in the motion, so the court suggested he could file an amended complaint on forms provided in the extended time. He also complained of restrictions on writing materials and postage and asked this court to waive the "separate pleading requirement[1]." In Document 11, plaintiff also stated that the time for filing formal prison grievances on his claims has expired, and argued that something less than formal grievances amount to fair presentation. The court considers this motion as part of plaintiff's response to the court's Memorandum and Order to show cause.

The next document filed by plaintiff is entitled "Plaintiff's Proofs of Exhaustion and Arguments" (Doc. 13). Plaintiff does not do what he was directed by this court to do, and that was submit copies of grievances filed at each administrative level on each of the 11 claims raised in the complaint or describe the administrative grievance process he went through on each claim in detail. Instead, he, or more likely Mr. Lynn, re-argues his general allegations in the complaint, that his Form 9's and memos have not been responded to, and his statement in Document 11, that the time for filing grievances has expired, are sufficient to demonstrate exhaustion of administrative remedies in this case. He further argues that

---

[1] At the time the court thought plaintiff was referring to the pleading requirement on exhaustion of administrative remedies, and denied the request. However, given plaintiff's reaction to that construction, the court now believes plaintiff meant the requirement that he provide copies of all his filings to each defendant. This matter is addressed in plaintiff's pending motions.

administrative remedies are not required for claims of personal injury.

Plaintiff does not submit any documentation showing a particular grievance properly filed by him was not responded to within the time-frame for response.  Nor does he show that if he received no timely response he then appealed to the next level.  He also does not submit or describe in detail any grievance filed prior to bringing this lawsuit complaining about an official's failure to respond or to allow him to file grievances, or denial of writing materials, postage, or actual access to the courts.  He has submitted no copies of grievances filed by him dated prior to the institution of this lawsuit, directed to the proper official, and containing all 11 claims now raised.  He also does not state how long he went with no response on specific grievances.  Instead, plaintiff, and perhaps mainly Mr. Lynn, erratically and furiously complain, demand, rail against, and threaten many officials about many things but seldom if ever in the orderly fashion required by the Kansas regulations and the federal law.  The purposes of the orderly process for administrative remedies and the requirement that this procedure be fully and properly utilized have already been explained to Mr. McCoy in this action and many times to Mr. Lynn throughout his abusive litigation history.

Furthermore, as the court previously stated, the fact that the time may now have run for plaintiff to seek administrative relief

amounts to a procedural default on his part, not an excuse for his failure to exhaust within the required time-frame[2].   Plaintiff spends much time arguing that he cannot be required to exhaust administrative remedies if prison officials ignore his grievances[3], and no time documenting that he properly and fully presented his grievances to the appropriate officials.

Plaintiff alleges in Document 13 that he turned in his "original grievance" to UTM Sapien on May 29, 2006, and separate emergency grievances to Warden Roberts and Secretary of Corrections Werholtz.   However, he does not describe the content of the "original grievance" and show that it contained the 11 claims raised in the complaint.   Moreover, this means he turned in his original grievance only 10 days before executing the complaint in this case. That plainly suggests he did not proceed through all levels of the administrative process before filing this suit.   He states on June 6, 2006, he sent copies of his "complaint/request for investigation" letter to Werholtz, the Kansas Attorney General, U.S. Attorney Eric Melgren, and the U.S. Justice Department.   He alleges he sent these materials "under another prisoner's name."   He then states he

_____

[2]      "A prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted.  Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he has exhausted his administrative remedies by, in essence, failing to employ them."  Patel v. Fleming, 415 F.3d 1105, 1109 (10th Cir. 2005), quoting Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004).

"previously sent form 9's to Major Medlin, Capt. Heimgartner, Seg. Lt. Ingram, Deputy Warden Bratton, Julie St. Peter, Lt. Hermreck, CSI J.J. Smith, U/T Kaufman, M/H counselors Phares, Barsdale, Luellen, and "a written memo with affidavit" to both Wm. Cummings/KDOC Topeka and the local Chief Administrative Judge of Butler County, Kansas, John Sanders, dated June 18, 2006. He states he also requested an investigation and assistance from Legal Services for Prisoners attorney Sherwood. He next alleges his receipts for his original grievances and form 9's prior to July 6, 2006, "were destroyed by cellhouse guards when" he was moved apparently from one cell to another on or about July 4, 2006. However, he has since submitted grievance receipts dated June 12, 13, 12, 20, July 3, and July 3. Plaintiff thus simply repeats his insufficient allegations in the complaint that he has submitted numerous grievances and letters to numerous officials. In addition, plaintiff rehashes his sending of letters to state and federal prosecutors, even though he was informed in the court's prior order that these requests for investigations and prosecutions do not constitute exhaustion of prison administrative remedies. He does not "attach" a "copy of the applicable administrative dispositions" to any grievance submitted by him prior to the filing of the complaint. He refers to grievances submitted after the complaint was filed and exhibits a few of those, but this does not satisfy the exhaustion prerequisite of 42 U.S.C. 1997e.

Documents 14 and 15 filed by plaintiff are duplicates made for docketing purposes of one filed by plaintiff entitled "Additional Exhaustion Proofs and Motion for Counsel Appt. & Video-Teleconference." In this Motion/Response plaintiff does not provide any additional proof of exhaustion, but alleges a new incident. He claims he was "excessively maced" on August 20, 2006, while in his cell, and that some named defendants again used excessive force upon him. Plaintiff also alleges he "suffers ADHD" and for this reason requires appointment of counsel and a video-teleconference hearing to protect his constitutional rights. This document and its duplicate were filed as a Supplement to Plaintiff's Response (Doc. 14) and as a Motion to Appoint Counsel and for Video-conference Hearing (Doc. 15). Attached to this document is the affidavit of Patrick Lynn. Much of this affidavit has nothing to do with plaintiff or the subject matter of this lawsuit, and discusses a disciplinary matter involving Lynn. It does include a statement by Lynn that he "reminded" Major Medlin of the alleged attack on Mr. McCoy, and told Medlin that "several form 9's" had been submitted but not responded to. Lynn also states he asked Medlin to talk to McCoy, but observed Medlin did not. The court has considered Lynn's affidavit and finds it does nothing to demonstrate plaintiff's full and total exhaustion of administrative remedies on his claims. The court further finds that plaintiff's repeated motion for appointment of counsel and a video-conference hearing should again be denied.

Document 17 filed by plaintiff is entitled "Plaintiff's Motion for Second Time Extension Due to Ongoing Unlawful Conditions and Retaliation and Second Request for Waiver of the Separate Motion Pleadings Requirement Rule." In this document, filed a month after the time for response has run and having already filed a response, plaintiff requests an extension of 30 additional days to file an Amended Complaint in response to the court's prior orders. Plaintiff proceeds to describe the incident on August 20, 2006, allege excessive force by some defendants, and complain he was placed in a cell without a mattress and hygiene items. He further claims he was "denied filing form 9's to officials or grievance form requesting investigation for 12 days." Plaintiff again requests "the waiver of the separate motion rule due to being denied sufficient writing paper/legal copies by defendants." Attached to Document 17 are Mr. McCoy's affidavit dated August 20, 2006, in which he recounts the apparent disciplinary incident on that date, and claims he was excessively maced and beaten by guards. He also claims the guards who struck him during this incident warned him he'd better drop this lawsuit and declare he was lying. He complains of conditions in the cell where he was held for 12 days after this incident. Plaintiff also attaches an "emergency grievance" he filed on August 20, 2006, complaining about this

incident[4], which was rejected by Warden Roberts in a response dated August 22, 2006, who found it was "not an emergency."  Also attached is an emergency grievance filed by another inmate, Everson, stating he witnessed a prison official hit inmate McCoy while he was restrained and held under the water in shower #1, and that other prison employees witnessed the incident.  Warden Ray Roberts responded on August 24, 2006, that the information was turned over to the "EDCF I & I Department for review."  Everson filed the same grievance to Deputy Warden Bratton, who responded "I assure you this situation has been investigated and corrective action taken." Letters are also attached regarding requests to a couple attorneys to represent plaintiff in this case, as well as a letter from Patrick Lynn to Legal Services for Prisoners attorney Sherwood complaining of his lack of assistance.  Lynn's letter also contains threats and inappropriate language, which Mr. Lynn has previously been warned not to use in documents submitted to the court.  Also attached is a grievance filed by Patrick Lynn regarding his passing of legal papers to plaintiff, which contains more inappropriate language and Lynn's taunt that prison officials cannot prevent him from assisting plaintiff in this case.

Except for plaintiff's conclusory, and therefore inadequate suggestion of retaliation, the additional incident alleged to have

---

[4]     Obviously this grievance was filed by plaintiff despite plaintiff's claim that he was denied grievances for 12 days following this incident.

occurred on August 20, 2006, is separate from the incident upon which this action is based -- the alleged assaults on April 26, 2006.  Before plaintiff may sue upon the new incident, he must have exhausted all administrative remedies on that separate claim.  It does not appear he has appealed his grievance regarding this incident to the Secretary of Corrections.  Nor does it appear that he has filed any grievance regarding conditions or deprivations he complains of in the cell where he was held for 12 days, or the alleged denial of grievance forms for that period.

Document 18 filed by plaintiff consists of exhibits which plaintiff alleges were to be mailed with Document 13.  The attachments include a letter written by plaintiff and dated June 6, 2006, also presented in affidavit form dated June 12th, 2006.  As previously noted, plaintiff alleges he sent this letter to Roger Werholtz, Phill Kline, Eric Melgren, and Judge Sanders complaining of the incident on April 26, 2006, asking for an "independent outside investigation," orders for the abuses of the restraint chair to cease, and criminal charges.  The letter is dated 2 days before plaintiff executed the complaint in this case.  That is hardly sufficient time to allow for a response, more less to have exhausted all levels of administrative remedies.  An EDCF "Withdrawal Request" attached as another exhibit indicates postage was requested for mail to Judge Sanders on June 18, 2006, which is after the complaint was filed herein.  Also attached are two affidavits of Patrick Lynn,

9

dated June 7 and June 8, 2006, the first of which has nothing to do with the incident sued upon in this complaint and again complains of events involving Lynn.   The second briefly mentions the alleged assault on McCoy.   Perhaps these two affidavits are intended to support plaintiff's allegations of a "pattern of vigilantism" and overall improper use of excessive force, lying, and indifference on the part of guards and officials at EDCF.   Nevertheless, Patrick Lynn's affidavits are again filled with inappropriate language and threats and very little if anything material to this case.   Also exhibited are several strips of paper apparently detached from "Inmate Requests to Staff Member" or Form 9's, which are "to be retained by inmate" as receipts.   However, all but one of these receipts do not bear McCoy's signature or name, none indicates what grievance was raised, and all are dated June 12, 2006 or later.   The complaint herein was executed on June 8 and filed on June 13, 2006.

The court finds plaintiff McCoy has failed to show full and total exhaustion on all 11 claims raised in his complaint, and concludes this action must be dismissed without prejudice pursuant to 42 U.S.C. 1997e(a) as a consequence.

The grievance procedures available at KDOC prisons including EDCF are set forth in KS ADC 44-15-101.   This regulation pertinently provides:

>      (b)  Before utilizing the grievance procedure, the inmate shall be responsible for attempting to reach an informal resolution of the matter with the personnel who work with the inmate on a direct or daily basis.   An

inmate in a facility . . . shall contact the unit team
members for the attempt at informal resolution. That
attempt shall be documented. The facility's inmate
request forms may be used to document this process. If
this informal resolution attempt fails, the grievance
system may then be used. . . .

* * *

(c) The grievance procedure shall incorporate several
levels of problem solving to assure solution at the lowest
administrative level possible.

(1) Level 1. The inmate shall first submit the
grievance report form to an appropriate unit
team member of the facility. . . . .

(2) Level 2. The inmate shall then submit the
grievance report form to the warden of the facility.
. . .
(3) Level 3. If not resolved, the grievance may be
next submitted to the office of the secretary of
corrections. . . .

Plaintiff has neither demonstrated with exhibits of grievances and
dispositions nor explained in detail how he sought informal
resolution and then filed Level 1, 2, and 3 grievances and appeals
in an orderly manner with the appropriate facility personnel on any
of his 11 claims. As this court stated in its prior Memorandum and
Order, it has no authority to excuse the exhaustion requirement
mandated by Congress in 42 U.S.C. 1997e(a). Porter v. Nussle, 534
U.S. 516, 520 (2002). Plaintiff may not proceed in a federal court
action on claims that have not been fairly presented in the first
instance to the prison facility and Kansas Department of Corrections
for more efficient resolution and development of an administrative
record. Furthermore, the doctrine of procedural default applies to

the exhaustion of administrative remedies prerequisite.  Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004); Patel v. Fleming, 415 F.3d 1105, 1109 (10th Cir. 2005).  Thus, if plaintiff's statement is correct that he failed to fully and totally exhaust administrative remedies on his claims within prescribed time limits, "he has not properly exhausted his administrative remedies." Patel, 415 F.3d at 1109.

The court turns to plaintiff's request for an extension of time in which to file an amended complaint, as suggested earlier by this court.  As noted, plaintiff indicated in his first motion for extension (Doc. 11) his willingness to proceed only on his claims of use of excessive force, sexual battery, and unlawful use of the Restraint Chair, and to dismiss this action against all defendants other than those named as personally participating in those incidents.  The clerk of the court transmitted a set of forms for filing a civil rights complaint to plaintiff, and plaintiff was advised by the court that in response to the court's order to show cause, he could write "Amended Complaint" at the top of the first page of the forms, and complete the forms to state only the April 26, 2006, assault and chair restraint claims and to name only the defendants involved in those incidents.  However, plaintiff was also informed he was required to show full exhaustion of administrative remedies on all claims presented in any Amended Complaint.  The court further stated that if plaintiff did not show exhaustion on

12

all claims raised in an amended complaint, this action would have to be dismissed without prejudice.   The court determines from the materials filed by plaintiff that he has not demonstrated full and proper exhaustion of the administrative remedies available at the prison prior to filing this lawsuit on the assault and chair restraint claims.

Plaintiff is again advised that he should attempt either to fully exhaust his administrative remedies, requesting allowance to file grievances out of time if necessary; and/or gather and organize documentation of full and total exhaustion on those claims he intends to present.   He may then submit a new civil rights complaint by completing the forms previously provided by the court naming only the defendant (or defendants) that personally participated in the acts upon which his new complaint is based and stating only those claims which have been properly exhausted.   Plaintiff is again reminded that a two-year statute of limitations applies to civil rights actions.

The court now addresses plaintiff's repeated "Requests for Waiver of the Separate Motion Pleadings Requirement Rule."   These are construed as plaintiff's request that he be excused from providing copies of all the materials filed by him for service upon the opposing parties.   These requests are denied as moot in this action.   Plaintiff would ease the burden of service on opposing parties in any future action by naming only those individuals who

13

actually participated in alleged unconstitutional acts against him. He would then have fewer defendants to serve with copies.  He is also strongly advised to prepare his own materials to be filed, stating only facts relevant to the claims upon which his lawsuit is based, and not file repetitive pleadings and motions.  He will then have fewer and shorter documents to serve on defendants.  A pro se prisoner should not easily be relieved of every litigant's responsibility to serve the opposing parties in a lawsuit absent a showing of diligence on his part to preserve and reasonably use the resources available to him.

Plaintiff does not respond to any of the other deficiencies in the complaint pointed out in the court's prior Memorandum and Order, such as lack of personal participation on the part of several named defendants, failure to state a claim against several named defendants, and failure to state facts to support a claim of denial of access.

Plaintiff is finally advised that he does not need the assistance of Patrick Lynn to state his claims regarding the April, 2006, assaults and chair restraint.  His handwritten affidavit dated June 6, 2006, very adequately states the facts underlying these claims.  He is warned that Patrick Lynn has caused excessive and inappropriate filings in this case like many of his own cases, and is surely more of a hindrance than assistance to him.  Mr. McCoy has no constitutional right to legal assistance from a particular

14

inmate, and Patrick Lynn certainly has no constitutional right to provide legal assistance to any inmate.  Prison officials are not required to facilitate this alliance; however, they are required to provide some form of legal assistance, if needed, to allow Mr. McCoy to submit his constitutional claims to the court.  At this juncture, Mr. McCoy has not presented facts showing that any motion or case filed by him has been impeded, as he must in order to state a claim of actual denial of access to the courts.  Mr. McCoy appears capable of completing and submitting the forms for filing a new civil rights complaint and a motion to proceed in forma pauperis.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, for failure to adequately plead full and total exhaustion on all claims raised in the complaint and for the additional reasons stated in the court's Memorandum and Order dated July 12, 2006, and herein.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed without prepayment of fees (Doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's repeated requests for waiver of the "Separate Motion Pleadings Requirement," for telephone video-conference hearing, and for appointment of counsel (Docs. 15, 17) are denied as moot; and that plaintiff's second motion for Extension of Time to File Response (Doc. 17) is denied due to his failure to show exhaustion.

**IT IS SO ORDERED**.

15

Dated this 31st day of October, 2006, at Topeka, Kansas.




                              s/Sam A. Crow
                              U. S. Senior District Judge